1  KATHRYN E. VAN HOUTEN (SBN 143402)
   IRSFELD, IRSFELD & YOUNGER LLP
2  100 W. Broadway, Suite 920
   Glendale, CA  91210-0001
3  Telephone:  (818) 242-6859
   Facsimile:  (818) 240-7728
4
5  Attorneys for Plaintiff
6
7            UNITED STATES DISTRICT COURT
8       FOR THE SOUTHERN DISTRICT OF CALIFORNIA
9
10 UNITED STATES OF AMERICA,       )   CASE NO.:  **'18CV0117 MMABLM**
                                   )
11        Plaintiff,               )
                                   )   COMPLAINT ON PROMISSORY
12 vs.                             )   NOTES
                                   )
13 PATRICIA ANN WINN,              )
                                   )
14        Defendant.               )
                                   )
15 _____ )
16                      FIRST CLAIM
17     For its claim, Plaintiff, acting on behalf of the DEPARTMENT OF
18 EDUCATION alleges as follows:
19     1.   This court has jurisdiction under Title 20 U.S.C. § 1080, and the
20          defendant resides in the County of  San Diego.
21     2.   In consideration of a student loan, Defendant executed a promissory
22          note, a copy which is attached hereto as Exhibit 1 on the date set forth
23          on said note.
24     3.   Said note and all rights to the obligation undertaken therein were
25          thereafter assigned to Plaintiff.
26     4.   Defendant has defaulted in the payment of the obligation due under
27          said note according to the terms and has paid no part thereof.
28     5.   Defendant owes to Plaintiff after applying all payments and proper

2

1    credits the amounts hereinafter prayed for.

2                              SECOND CLAIM

3    For its claim, Plaintiff, acting on behalf of the DEPARTMENT OF

4    EDUCATION alleges as follows:

5      6.   This court has jurisdiction under Title 20 U.S.C. § 1080, and the

6           defendant resides in the County of San Diego.

7      7.   In consideration of a student loan, Defendant executed a promissory

8           note, a copy which is attached hereto as Exhibit 2 on the date set forth

9           on said note.

10     8.   Said note and all rights to the obligation undertaken therein were

11          thereafter assigned to Plaintiff.

12     9.   Defendant has defaulted in the payment of the obligation due under

13          said note according to the terms and has paid no part thereof.

14     10.  Defendant owes to Plaintiff after applying all payments and proper

15          credits the amounts hereinafter prayed for.

16                              THIRD CLAIM

17   For its claim, Plaintiff, acting on behalf of the DEPARTMENT OF

18   EDUCATION alleges as follows:

19     11.  This court has jurisdiction under Title 20 U.S.C. § 1080, and the

20          defendant resides in the County of San Diego.

21     12.  In consideration of a student loan, Defendant executed a promissory

22          note, a copy which is attached hereto as Exhibit 3 on the date set forth

23          on said note.

24     13.  Said note and all rights to the obligation undertaken therein were

25          thereafter assigned to Plaintiff.

26     14.  Defendant has defaulted in the payment of the obligation due under

27          said note according to the terms and has paid no part thereof.

28     15.  Defendant owes to Plaintiff after applying all payments and proper

                                    3

credits the amounts hereinafter prayed for.

## FORTH CLAIM

For its claim, Plaintiff, acting on behalf of the DEPARTMENT OF EDUCATION alleges as follows:

16. This court has jurisdiction under Title 20 U.S.C. § 1080, and the defendant resides in the County of San Diego.

17. In consideration of a student loan, Defendant executed a promissory note, a copy which is attached hereto as Exhibit 4 on the date set forth on said note.

18. Said note and all rights to the obligation undertaken therein were thereafter assigned to Plaintiff.

19. Defendant has defaulted in the payment of the obligation due under said note according to the terms and has paid no part thereof.

20. Defendant owes to Plaintiff after applying all payments and proper credits the amounts hereinafter prayed for.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. As to Plaintiff's First Claim:

The principal amount of $2,663.84 plus interest accrued to January 11, 2018 in the sum of $5,945.24 with interest accruing thereafter at 8.000% per annum until entry of judgment; with interest thereafter at the legal rate, plus administration charges of $0.00.

2. As to Plaintiff's Second Claim:

The principal amount of $2,658.36 plus interest accrued to January 11, 2018 in the sum of $5,938.89 with interest accruing thereafter at 8.000% per annum until entry of judgment; with interest thereafter at the legal rate, plus administration charges of $0.00.

3. As to Plaintiff's Third Claim:

The principal amount of $2,708.05 plus interest accrued to January 11, 2018

4

1    in the sum of $6,934.25 with interest accruing thereafter at 9.000% per annum

2    until entry of judgment; with interest thereafter at the legal rate, plus

3    administration charges of $0.00.

4        4.    As to Plaintiff's Forth Claim:

5           The principal amount of $800.00 plus interest accrued to January 11, 2018

6    in the sum of $1,185.97 with interest accruing thereafter at 5.000% per annum

7    until entry of judgment; with interest thereafter at the legal rate, plus

8    administration charges of $0.00.

9        5.    And upon all claims:

10           A.    For cost incurred,

11           B.    Reasonable attorney's fees.

12           C.    For such other and further relief as to the Court seems just.

13   DATED: January 11, 2018          IRSFELD, IRSFELD & YOUNGER LLP

14

15                         By:                    

16                               Kathryn E. Van Houten
                                 Attorneys for Plaintiff

17

18

19

20

21

22

23

24

25

26

27

28

                                      5

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| UNITED STATES OF AMERICA, | PATRICIA ANN WINN, |

| (b) County of Residence of First Listed Plaintiff | County of Residence of First Listed Defendant   SAN DIEGO |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| IRSFELD, IRSFELD & YOUNGER, LLP<br>100 W. BROADWAY, SUITE 920 | **'18CV0117 MMA BLM** |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☒ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☒ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | |
| | | | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
TITLE 20 U.S.C. SECTION 1080

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

| DATE<br>01/11/2018 | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**EXHIBIT 1**

# GUARANTEED STUDENT LOAN PROMISSORY NOTE

## I. DISCLOSURE OF CHARGES AND DISPOSITION OF LOAN PROCEEDS

| ANNUAL PERCENTAGE RATE | Amount Financed | Late Charge: If a payment is late, you may be charged $5.00 or 5% of payment, whichever is less. |
|---|---|---|
| The cost of your credit as a yearly rate. | The amount of credit provided to you. | Prepayment: If you pay off early, you |
| | | ☐ may ☑ will not   have to pay a penalty. |
| Prior to repayment    During repayment | **86 154 / 05** | ☐ may ☑ will not   be entitled to a refund of part of the fina charge. |
| 2.51 %    9.00 % | $ 2315.62   3185 | See the promissory note for any additional information about nonpayme default, any required repayment in full before the scheduled date, and prep ment refunds and penalties. |

Itemization of the Amount Financed of $ 2315.62

Loan Amount $ 2500.00    Less: Prepaid Finance Charge $ 184.38    Equals: Amount paid to you $ 2315.6

Includes:   Guarantee Fee $ 59.38

Origination Fee $ 125.00 . ( 5.0 % of Loan Amount)

Disbursement Schedule:

| Disbursement | Estimated Date of Disbursement | Gross Disbursement Amount | (less) Prepaid Finance Charge | | Amount Disbursed to You |
|---|---|---|---|---|---|
| | | | Guarantee Fee | Origination Fee | |
| 1st Disbursement | 09/06/83 | $ 2500.00 | $ 59.38 | $ 125.00 | $ 2315.62 |
| 2nd Disbursement | | $ | $ | $ | $ |
| 3rd Disbursement | | $ | $ | $ | $ |

## II. PROMISE TO PAY

I, **Patricia A. Winn** _____, promise to pay to the order of **Union Bank & Trust Co. Lincoln, NE** (hereinafter called the "lender") all of the following amounts in full:

1) The entire Loan Amount as identified above.
2) Interest on the unpaid principal balance at the rate of __**Nine**__ percent( __9__ %) per annum. I further understand that if I am eligible for Federal interest benefits, the interest will be paid by the U.S. Department of Education (a) during the period I am in school, (b) during the grace period described in Section IV below, and (c) during the time my loan payments are deferred as allowed by Section V below.
3) The Guarantee Fee which will be deducted from the proceeds of my loan check at the time of the initial disbursement. This charge is not subject to refund except the amount(s) attributable to any disbursement I do not receive.
4) The Origination Fee which may be deducted from the proceeds of the loan.

### III. GENERAL

I understand that the lender has applied for guarantee coverage of this loan through the Higher Education Assistance Foundation (HEAF) and because of this, the loan is subject to, and the terms of this Promissory Note will be interpreted in accordance with, Subchapter IV, Part B of the Higher Education Act of 1965 (the "Act") as amended, Federal regulations adopted under the Act, and the Rules and Regulations of the HEAF.

### IV. REPAYMENT

1) I will begin repayment of this loan, in periodic installments, after the completion of the grace period. The grace period will be __**6**__ months beginning when I leave school or cease to be at least a half-time student. The payments may begin at an earlier time if I agree.
2) I will repay this loan within 15 years of the date this loan is made, over a repayment period that lasts at least 5 years. At the lender's option, I may receive up to 10 years to repay. However, the following exceptions to these rules apply:
   A) If, during the grace period, I request a shorter repayment period, the lender may grant me a shorter period. In that event, I may later choose to have the repayment period extended to 5 years.
   B) The lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I have loans guaranteed under the Act outstanding, I pay toward principal and interest at least $600 or the unpaid balance of the total amount owing to all holders of my guaranteed loans, whichever is less. If I am married, I understand that the total for me and my spouse's payment must be at least $600.
   C) Any period described in Section V or Section VI of this Promissory Note will not be included in determining either the 15 year period or the 5 to 10 year period mentioned above.
3) I must contact the lender prior to expiration of my grace period to negotiate the terms of repayment. If I neglect to do so, I hereby authorize the lender to establish repayment terms within the guidelines as set forth in Paragraph 2 of this section, without my further approval; however, the lender must inform me of these terms in writing at the latest address that I have provided to the lender.
4) My obligation to repay this loan shall be cancelled if I become totally and permanently disabled or die.
5) At my option and without penalty, I may prepay at any time all or any part of the unpaid principal balance of this Note plus accrued interest thereon. In the event of prepayment

and if interest have been calculated by a method other than simple interest or actual daily accrual, I will be entitled to a rebate of any unearned interest that I have paid. The amount of any such rebate will be computed by the same method by which interest payments were computed.

### V. DEFERMENT OF REPAYMENT

I understand that in certain instances authorized by the Act the payments I am required to make under Section IV may be deferred. The instances currently authorized by the Act are described on the reverse side of this Note. To obtain such deferment, I agree to comply with the relevant Federal regulations and the Rules and Regulations of the HEAF, including, without limitation, submission of required forms to the lender.

### VI. MODIFICATION OF REPAYMENT TERMS

If I am unable to repay this loan in accordance with the terms established under Section IV, I may request the lender to modify these terms in the manner identified on the reverse side of this Note. I understand that a modification of repayment terms under this section is different than a Deferment of Repayment (Section V) and that I will remain responsible for payment of interest during this period which the lender may (a) collect from me on a periodic basis or (b) accrue and add to the principal balance of the loan.

### VII. ACCELERATION & DEFAULT

In the event any one or more of the below listed events occur, the lender will consider me in default:
1) Failure to make any payment when due.
2) Making any representation relative to obtaining this loan knowing it was false.
3) Using the loan proceeds for other than educational purposes.
4) Failing to enroll in the school that completed the application for the time identified as my loan period.
5) Not notifying the lender immediately if I (a) drop to less than a half-time student, (b) change my graduation date, (c) change my name or (d) change my address.
Upon my default, the lender may declare the following amounts immediately due and payable:
1) The entire unpaid principal balance of this Promissory Note;
2) The entire amount of unpaid interest on this Promissory Note;
3) Late charges; and
4) To the extent allowed by law, all costs of collection, including reasonable attorneys' fees.
Declaring these amounts immediately due and payable is at the option of the lender, which it may do only after complying with applicable notice and other requirements of law. Failure to exercise this option does not constitute a waiver of the lender's right to exercise the option at a later date. If I default, the lender may endorse this Promissory Note to the HEAF. I will then be required to pay the HEAF all amounts owed.

### NOTICE TO BORROWER

(a) DO NOT SIGN THIS PROMISSORY NOTE BEFORE YOU READ IT.
(b) YOU ARE ENTITLED TO A COPY OF THIS PROMISSORY NOTE.
(c) YOU MAY PREPAY THE UNPAID BALANCE AT ANY TIME WITHOUT PENALTY.
(d) YOU MAY BE ENTITLED TO A PARTIAL REFUND OF THE FINANCE CHARGE.
(e) HEAF, THE U.S. DEPARTMENT OF EDUCATION, OR THE LENDER MAY REPORT THE STATUS OF THIS LOAN TO A CREDIT BUREAU. THEREFORE, IN ORDER TO MAINTAIN A GOOD CREDIT RATING, IT IS TO YOUR BENEFIT TO COMPLY WITH ALL THE TERMS AND CONDITIONS OF THE LOAN.

BORROWER'S NAME AND ADDRESS   **Patricia A. Winn**

_LINCOLN, NE_

_lincoln NE_

GENERAL NOTARY—State of Nebraska
**HARVEY L. MEIER**
My Comm. Exp. March 30, 1985

_____ 
BORROWER'S SIGNATURE    DATE

_____ 
INDORSER'S SIGNATURE (IF ANY)    DATE

The foregoing instrument was acknowledged before me

This __27__ day of __august__ , 19 8 3

The above signed accommodation party signs this Promissory Note under the Uniform Commercial Code. As such, the undersigned hereby waives demand, presentment for payment, notice payment, protest, and notice of protest, and acknowledges and agrees that the lender has expressly reserved it

Lender Use Only
Actual Disbursement Date(s)

____/____/____ , ____/____/____ , ____/____/____

## DEFERMENT OF REPAYMENT

I understand that in certain instances authorized by the ACT the payments that I am required to make under Section IV may be deferred. Payments of principal on my loan will be deferred after the repayment period begins, provided I comply with the procedural requirements ... the GSLP in any of these circumstances:

1. While I am enrolled in—

   A. Full-time study at ... United States and a ... izen or national of the

   B. Full-time study at a ... the Federal Governm ... perated by an agency of

   C. A graduate fellowshi ...

   D. A rehabilitation trair ... f Education.

2. For periods not exceedir ...

   A. On active duty in th ... e Commissioned Corps of the United States ...

   B. Serving as a Peace Co ...

   C. Serving as a full-tim ... programs) (e.g., VIST ... ct of 1973 (ACTION

   D. Serving as a full-tim ... 501 (c)(3) of the I ... axation under Section comparable to servic ... ion has determined is

   E. Temporarily totally ... or unable to secure employment because ... ly totally disabled, as established by affida ...

3. For a period not exceed ... tary of Education has determined is necessary f ... nal practice or service.

4. For a single period not ... able to find full-time employment in the Unite ...

To be granted a deferment, ... . I must subsequently notify the lender as soon as ... ts.

Pay to the order of Higher Education Assistance Foundation ("HEAF") without recourse, provided, however, notwithstanding this indorsement without recourse, the undersigned hereby expressly:

1. Warrants that:
   a) no defense of any party is good against the undersigned; and
   b) the undersigned is not in default under the terms of that certain Lender Agreement for Guarantee of Student Loans with Federal Reinsurance ("Lender Agreement") between it and HEAF, in accordance with which payment of the indebtedness evidenced by this instrument was guaranteed by HEAF.

2. Disclaims the implied warranty that it has no knowledge of any insolvency proceeding instituted with respect to the maker of this instrument and instead warrants that to the extent it has knowledge of any such proceeding it has disclosed the same to HEAF, but no other implied warranties are hereby disclaimed.

3. Acknowledges that:
   a) upon payment in full by HEAF of the claim submitted by the undersigned pursuant to the aforesaid Lender Agreement, HEAF will have discharged all of its obligations to the undersigned arising out of said Lender Agreement; and
   b) notwithstanding payment by HEAF of the undersigned's claim and acceptance by HEAF of transfer of this instrument in consideration thereof, HEAF has not waived any rights that it may have against the undersigned pursuant to the terms of the aforesaid Lender Agreement.

By _____     By _Betty Riddle_
                               Its _Claims Officer_
Its _____    Date _1-23-8?_
(Cashier, Treasurer)

I CERTIFY UNDER PENALTY OF PERJURY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL PROMISSORY NOTE
_S. McKitchu_        _8-9-99_
NAME                 DATE

## MODIFICATION OF REPAYMENT TERMS

If I am unable to repay this loan in accordance with the terms established under Section IV, I may request the lender to modify these terms. The lender may, but is not required to, allow any of the following:

1) A short period in which payments are waived.
2) A reasonable extension of time for making payments.
3) Making smaller payments than were originally scheduled.

I understand that I will remain responsible for payment of interest during this period which the lender may (a) collect from me on a periodic basis or (b) accrue and add to the principal balance of the loan.

which spells out my obliga...

SSN ...
CLAIM NO 1993060548028 08-16-93
WINN, PATRICIA A

EXHIBIT 2

TEXAS GUARANTEED STUDENT LOAN CORPORATION

## PROMISSORY NOTE AND DISCLOSURE STATEMENT

| | |
|---|---|
| Loan Amount | $2,500.0( |
| Less: | |
| Guarantee Fee | $ 62.50 |
| Origination Fee | $125.00 |
| Loan Amount Less Fees | $2,312.5( |

LENDING INSTITUTION NAME AND ADDRESS

FIRST FED SAV & LN ASSN
P O BOX 370
PARIS TX 75460

LOAN NUMBER  **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-01**

BORROWER NAME AND ADDRESS

PATRICIA A WINN

COMMERCE TX

Lender Identification Number  **829006**
Date Guaranteed  **10/21/85**
Date Produced  **10/21/85**
Interest Rate  **8** %

| Disbursement Schedule | Estimated Date of Disbursement | Disbursement Amount | Guarantee Fee | Origination Fee | Amount of Disbursement Chec |
|---|---|---|---|---|---|
| First (or entire) | 11/25/85 | 1,250.00 | 32.29 | 62.50 | 1,155.21 |
| Second | 01/13/86 | 1,250.00 | 30.21 | 62.50 | 1,157.29 |
| Third | N/A | N/A | N/A | N/A | N/A |
| Fourth | N/A | N/A | N/A | N/A | N/A |

A. **PROMISE TO PAY:** I promise to pay to you or your order when this Note becomes due as set forth in Paragraph B, the loan amount as shown above extent it is advanced to me plus interest as set forth in Paragraph C, and any other charges which may become due as provided in Paragr

B. **DATE NOTE BECOMES DUE:** I will repay this loan in periodic installments during a repayment period that will begin no later than **6** months ("the period") after the **MONTH** I either leave school or stop carrying, at a school participating in the Guaranteed Student Loan Program (GSLP), a one-half of the normal full time academic workload required by the school. However, during the grace period I may request that the repayment begin earlier.

C. **INTEREST:** I agree to pay an amount equivalent to simple interest on the unpaid balance at the rate of **EIGHT** % per annum from the date advance me the loan until the loan is paid in full. You will not collect from me any interest which the United States Government will pay for me. I will pay you end of each month any interest due from me, or you will allow me to defer the payment of this interest until this Note becomes due. When this Note bec due I may either pay the total interest due or such interest will be added to the total principal balance to be repaid, with interest, in installments. All pay will be made to your address given above or to any other address you notify me of.

D. **GUARANTEE-ORIGINATION FEES:** I will pay you a non-refundable guarantee fee in the amount shown above which you will forward to the Guaranteed Student Loan Corporation (TGSLC) for its guarantee of this Note. I will pay you an origination fee authorized by federal law, not to exce of the loan amount, in the amount disclosed above. You may withhold these fees from each disbursement amount as shown above. If any disbursement check is returned uncashed to you, I will not be assessed any guarantee and origination fees for that disbursement.

E. **WHOLE LOAN DUE:** I will be in default and you will have the right to give me notice that the whole outstanding principal balance plus any unpaid inte owe is due and payable at once (subject to any law which gives me the right to cure my default) if 1) any payment has not reached you within 120 after its due date, or 2) I make any false written statement in applying for this loan or for an extension or deferment of this loan, or 3) I break any other promises under this agreement, or 4) after I receive my loan proceeds, I fail to enroll, for the period covered by this loan, at the school listed o application for at least one-half of the normal full time academic workload required by the school.

F. **COLLECTION COSTS-LATE CHARGES:** I agree to pay you reasonable amounts permitted by law, including the fees of an outside attorney and c costs, which you incur in collecting any amount I owe under the Note which is not paid when due. If any payment has not reached you within 10 after its due date, you may, if permitted by law, bill me for a late charge at the rate of $5 or 5% of the payment, whichever is less.

G. **PREPAYMENT:** I may, at my option and without penalty, prepay all or part of the principal or accrued interest of this loan at any time. If I do so, I wi entitled to a rebate of any unearned interest that I have paid.

I WILL NOT SIGN THIS NOTE BEFORE READING IT, INCLUDING THE WRITING ON THE REVERSE SIDE, EVEN IF OTHERWISE ADVISED. I WILL SIGN THIS NOTE IF IT CONTAINS ANY BLANK SPACE. I AM ENTITLED TO AN EXACT COPY OF THIS NOTE AND ANY AGREEMENT I SIGN. SIGNING THIS NOTE I ACKNOWLEDGE THAT IT CONTAINS NO BLANK SPACE AND THAT I HAVE RECEIVED AN EXACT COPY HEREOF. I H THE RIGHT TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THIS NOTE WITHOUT PENALTY.

| | | |
|---|---|---|
| *Patricia A. Winn* | *November 1, 1985* | *2308 Monroe* |
| Borrower Signature | Date | Permanent Address |
| | *November 1, '85* | *2308 Monroe Commu* |
| Signature of Co-Signer (if any) | Date | Permanent Address |

NOTICE: SEE OTHER SIDE FOR IMPORTANT INFORMATION
LENDER COPY

04-13-189-02-984

I CERTIFY UNDER PENALTY OF
PERJURY THAT THIS IS A TRUE
AND EXACT COPY OF THE
ORIGINAL PROMISSORY NOTE
S. McKitchu                8-9-99
NAME                          DATE

**H. REPAYMENT AGREEMENT:** 1) The proceeds of this loan will be used only for educational expenses at the school listed in my application. 2) Any ... required to be given to me will be effective when mailed by first class mail to the latest address you have for me. No separate notice is required ... Co-Signer. 3) Your failure to enforce or insist that I comply with any terms of this Note **PAY TO THE ORDER OF** ... waived or modified except in writing. 4) If the TGSLC is required under its guarantee to repay my loan(s) because I have defaulted, the TGSLC will ... the owner of this Note and as my creditor will have all the rights of the original lender **WITHOUT RECOURSE ON US, OR ANY OF US** ... pay this ... though I may be under 18 years of age. 6) My loan will be cancelled if I die or become total ... or permanently disabled. 7) In this Note, the words I ... mine mean each and all of those who signed it. If more than one person signs the ... your, and your, mean the lender or any other owner of this Note.

**TEXAS GUARANTEED STUDENT LOAN CORPORATION** ...

BY: _____

DATE: _____

**I. DEFERMENT:** You will let me pay interest only, if such interest is not paid by the United States Government, and ... defer making principal ... on this Note as provided below, if my repayment period has begun: I am not in default ... deferment 1) while I am enrolled d) at a school participating in the GSLP for full time study as determined by the school, unless ... are not a citizen or ... national of the United States and am studying at a school not located in the United States, or 2) ... Graduate Fellowship program approved ... Secretary of Education, or c) in a rehabilitation training program for disabled individuals and approved by the Secretary of Education, or d) as a ... student at an institution of higher education or a vocational school which is operated by any agency of the United States Government, 3) for period ... exceeding 3 years for each of the following while I am on active duty in the Armed Forces of the United States or serving as an officer ... Commissioned Corps of the United States Public Health Service, or b) serving as a Peace Corps volunteer, or c) serving as a full-time volunteer under ... I of the Domestic Volunteer Service Act of 1973 (e.g., VISTA), or d) providing service as a full-time volunteer for an organization exempt from Fe... Income Tax under Section 501(c)(3) of the Internal Revenue Code of 1954 and which the Secretary of ... has determined is comparable to service in ... the Peace Corps or ACTION programs; 5) up to 3 years while I am a) temporarily totally disabled, as established by affidavit of a qualified physician, ... unable to work because I am providing care required by a spouse who is temporarily totally disabled, as established by an affidavit of a qualified phys... 4) for a period not exceeding 2 years while I am serving an internship ...

**PAY to the order of the Texas Guaranteed Student Loan Corporation without recourse on us, or any of us.**

**FIRST CITY BANK OF DALLAS**

By _____
Authorized Officer

... recognition required to begin professional practice or service, 5) for a ... seeking to find full time employment in the United States.

**J. REPAYMENT IN INSTALLMENTS:** I can repay the total amount due on this Note ... with interest at the rate indicated in Paragraph C. I can ... enter into a situation as described in Paragraph I, in which case the whole ... balance plus any unpaid interest is now is due and ... at once. Prior to the date this Note becomes due as set forth in Paragraph B, you will send me a Repayment Schedule which shows the ... repayment terms that will become part of this Note. Any Co-Signer who also signs the Repayment Schedule will also be obligated to repay this Note ... Repayment Schedule may include all loans I have received from you under the Guaranteed Student Loan Program. The Repayment Schedule ... require me to make monthly payments of not less than $50 nor more than 10 years after this Note becomes due. The repayment period will ... be longer than 15 years from the date of the loan's disbursement ... an authorized deferment, as outlined ... Paragraph I, or forbearance. My original lender ... is coupled ... My option, I may agree to a repayment period that is ... shorter than 5 years. However, ... the repayment period extended so that the total repayment period is not less than 5 years ... total payments for any year of repayment ... at my options under ... will not be less than $600 per year, including payments by ... spouse on any loan under the GSLP ... such loans ... the rights may result in a repayment ... period shorter than 5 years.

**K. CREDIT BUREAU NOTIFICATION:** In connection with this loan, you may report the default to credit bureau organizations. This may significantly and adversely ... affect my credit rating. You may provide ... the repayment status of this loan to any credit bureau organization, unless requested to do so ... otherwise prohibited by law. You ... about the status of this loan to any credit bureau ...

**L. BORROWER RIGHTS AND RESPONSIBILITIES:** ... send either note or other ... within 10 days after any change ... school enrollment status. The ... Consolidation or refinancing of my ... GSLP and other educational ... loan programs. I will contact the ... information. 1) The GSLP is a loan ... have provisions which enable the loan to be forgiven in whole or in part for ... teaching or an other type of endeavor ... required to provide security for ... this loan.

**M. REPAYMENT BY DEPARTMENT OF DEFENSE:** Under certain circumstances, if in the military, I may have my loan repaid by the Secretary of Defense in accordance with ... Section 902 ... the Department of Defense Authorization Act of 1981 (10 U.S.C. 2171 ... note). I should address questions regarding this program to my local Service Recruiter. This is a recruiting program and does not apply to prior service individuals or those not eligible for recruitment in the Armed Forces.

**N. TRANSFER OF NOTE:** This Note may be transferred to a holder other than the lender. Such transfer shall not affect the rights and responsibilities of the parties as set forth herein. This Note is not intended to be a negotiable instrument, and a subsequent holder of this Note cannot be a holder in due course. The new holder will not fy me of any such transfer in writing.

THIS NOTE, EXCLUSIVE OF ANY MODIFICATIONS MADE BY THE BORROWER OR LENDER UNLESS SPECIFICALLY APPROVED IN WRITING BY TGSLC, SHALL BE DEEMED TO BE GUARANTEED BY THE TGSLC UNDER THE TERMS OF ITS AGREEMENT TO GUARANTEE LOANS AS AMENDED FROM TIME TO TIME.

All right, title and interest of the undersigned is hereby assigned to First City Bank of Dallas, Trustee for the Greater East Texas Higher Education Authority (GETHEA), without recourse except as provided in the Loan Purchase Agreement between GETHEA, First City Bank of Dallas.

First Federal Savings & Loan Ass.

By _____
Date 6/2/86

_____
AUTHORIZED SIGNATURE
Joe T. McCormick

**EXHIBIT 3**

TGSLC   TEXAS GUARANTEED STUDENT LOAN APPLICATION                          SEP 2 1986

**WARNING:** ANY FALSE MISREPRESENTATION ON THIS FORM IS SUBJECT TO PENALTIES WHICH MAY INCLUDE... OR IMPRISONMENT UNDER UNITED STATES CRIMINAL CODE AND 20 U.S.C. 1097.

## SECTION I - TO BE COMPLETED BY STUDENT BORROWER — Type or print clearly with a ballpoint pen. Read the instructions carefully.

1. Social Security Number
2. Last Name: **Wilna**   First: **Patrickia**   M.I.: **A**
3. Birth Date: Mo. ___ Day ___ Year ___
4. State of Permanent Residence: **Tex**   Since: ___
5. Permanent Home Address   Street   City   State   Zip Code
6. Home Area Code/Phone Number
7. Driver's License Number   State: **TX**
8. U.S. Citizenship Status: (a) ☒ U.S. Citizen or National  (b) ☐ Permanent Resident or Eligible Alien  (c) ☐ Neither of the above (See instructions)   Alien I.D. ___
9. Have you ever defaulted on an educational loan? ☐ Yes
10. Prior to the school year for which this loan is intended, have you ever been enrolled in any school beyond the high school level? ☒ Yes  ☐ No
11. Intended Enrollment: (You must enroll at least half-time to be eligible) ☒ Full-time  ☐ At least half-time  ☐ Less than half-time
12a. Requested Loan Amount (Enter in Note below): $**1250**
12b. What period do you want this loan to cover? From: Mo. **1** Yr. **87**  To: Mo. **6** Yr. ___
13. Do you have any outstanding guaranteed student loans that are NOT those guaranteed by TEXAS GUARANTEED STUDENT LOAN CORPORATION? (See instructions) If "Yes", list below. DO NOT INCLUDE NDSL OR HEAL. If "No", write "None".
   Name of Lender: **None**   City and State of Lender   Loan Period From: Mo./Yr. To: Mo./Yr.   Unpaid Balance   Interest   ☐ Yes
14. Parent or Guardian (Circle one)   Name: **Irene Davis**   Address   City, State, Zip   Phone   Employer: **Ref**
   Relative/Friend or Separated Parent (Circle one)   Name: **Julie Winters**   Address   City, State, Zip   Phone   Employer: **student**
   Other Relative/Friend (Circle one)   Name: **Barbara**   Address   City, State, Zip   Phone   Employer: **Self employed**
15. While in school, you intend to live (check one): ☐ With parents  ☐ On campus  ☒ Off campus
16. Major Course of Study: **Art**
17. Total Number of Borrower's Dependents: Number **0**   List Ages ___
18. [dates column]

## SECTION II - TO BE COMPLETED BY SCHOOL

22. Name of School: **Paris Junior College**
23. Address: **2400 Clarksville**
24. City: **Paris**   State: **TX**   Zip Code: **75460**
25. Area Code/Telephone Number: **214-785-7661**
25a. For School Use
26. School Code: **003601**
27. Loan Period: From: Mo. **12** Day ___ Yr. **87**   To: Mo. **5** Day **8** Yr. **87**
28. Anticipated Graduation Date: Mo. **6** Yr. **88**
29. Borrower Grade Level (see instructions): ___
30. Dependency Status: ☐ Dependent  ☐ Independent
31. Estimated Cost of Education for Loan Period: $**175**
32. Estimated Financial Aid for Loan Period: $**295**
32a. Expected Family Contribution: $___
31 minus items 32a and 32 ___
33a. Adjusted Gross Income: $**10,071**
34. My signature below certifies that I have seen and agreed to the "School Certification" on the reverse copy.
   Signature of Authorized Financial Aid Administrator: **Jerry Allison D.R.**   Date: **11/6/8**

## SECTION III - TO BE COMPLETED BY LENDER

37. Name of Lender: **#03**   Telephone Number
39. Address   City   State   Zip Code
40. Lender Code: **1250**
42. Disbursement 1: $**1250**   Mo./Day/Yr. **1/19/87**
43. Disbursement 2: $___   Mo./Day/Yr.
44. Disbursement: Mo./Day/Yr.
46. Signature of Authorized Lending Official: **Myra Rivera**   Date: **1-8-8**

## PROMISSORY NOTE FOR A TEXAS GUARANTEED STUDENT LOAN

A. I PROMISE TO PAY to you or your order when this Note becomes due as set forth in Paragraph B the sum of

**Twelve Hundred Fifty Dollars No Cents**

Requested Loan Amount (Must be the same as item 12a.)

to the extent that it is advanced to me, plus interest as set forth in Paragraph C and any other charges which may become due as set forth in Paragraph F. All payments will be made to your address as indicated on my Disclosure Statement, or to any other address you notify me of.

I understand that by accepting the proceeds of this loan I am agreeing to repay the sum advanced to me including insurance premiums and origination fees under the terms and conditions of this promissory note and the Notice of Loan Guarantee and Disclosure Statement. I further understand and agree that if the sum in this note that I am obligated to repay the sum stated in the Notice of Loan Guarantee and Disclosure Statement.

I UNDERSTAND THAT THIS IS A PROMISSORY NOTE. I WILL NOT SIGN IT BEFORE I READ IT, INCLUDING THE WRITING ON THE REVERSE SIDE, EVEN IF OTHERWISE ADVISED. I WILL NOT SIGN THIS SECTION I OF MY APPLICATION CONTAINS ANY BLANK ITEMS. I AM ENTITLED TO KEEP AN EXACT COPY OF THIS APPLICATION AND PROMISSORY NOTE. I AM ALSO ENTITLED TO KEEP AN EXACT COPY OF THE DISCLOSURE STATEMENT TO BE ISSUED TO ME BEFORE I ACCEPT MY LOAN CHECK. BY SIGNING THIS NOTE, I ACKNOWLEDGE THAT SECTION I OF MY APPLICATION AND PROMISSORY NOTE CONTAINS NO BLANK ITEMS AND THAT I HAVE KEPT AN EXACT COPY OF MY APPLICATION AND PROMISSORY NOTE COMPLETED THROUGH SECTION I. BY SIGNING THIS NOTE, I CERTIFY THAT I HAVE READ, UNDERSTAND, AND AGREE TO THE BORROWER CERTIFICATION ON ITS REVERSE SIDE.

Signature of Borrower: **Patricia A. Wind**   Date: **9-1-86**

BORROWER: TERMS OF PROMISSORY NOTE CONTINUE ON REVERSE SIDE.

LENDER: UPON COMPLETION MAIL TGSLC COPY ONLY TO: COPY A   LOAN GUARANTEE OPERATIONS, BOX 15996, AUSTIN, TEXAS 78761

Form #04-04-331-0

B. Date Note Becomes Due: I will repay this loan in periodic installments during a repayment period that will begin no later than the day after last day of my grace period, explained on my Disclosure Statement. My grace period is that period of time which begins when I cease to be enrolled as at least a half-time student at a school that participates in the Guaranteed Student Loan Program. During my grace period, however, I may request that my repayment period begin on an earlier date.

C. Interest: I agree to pay an amount equivalent to simple interest on the unpaid balance of my loan from the date it is advanced to me until it is paid in full, except interest the United States Government will pay for me, which you will not attempt to collect from me. The applicable interest rate on my loan will be the same applicable interest rate on my other Guaranteed Student Loans if any of those loans is still outstanding and has an interest rate of 7%, 8%, or 9%. If I have no other Guaranteed Student Loans, the applicable interest rate on my loan will be 8%. My Disclosure Statement will identify the specific interest rate applicable for my loan. When this Note becomes due, I will either pay the total interest due from me or such interest will be added to the total principal to be repaid, with interest, in installment payments will be made to your address as set forth in Paragraph A.

D. Guarantee-Origination Fees: I will pay you a non-refundable guarantee fee which you will forward to the Texas Guaranteed Student Loan Corporation (TGSLC) guarantee of this Note. For each disbursement of my loan the guarantee fee, in an amount not to exceed 1% per annum, will be calculated for a period beginning the after the month of the disbursement's estimated date and ending 12 months after the anticipated month of my graduation as listed in my Application and Promissory My Disclosure Statement will indicate the exact amount of my guarantee fee for each disbursement of my loan. I will pay you an origination fee authorized by fede not to exceed 5% of my loan amount. My Disclosure Statement will also indicate the exact amount of my origination fee. You may withhold this fee from each disbur amount as indicated on my Disclosure Statement. If any loan disbursement check is returned uncashed to you, I will not be assessed any guarantee and origination that disbursement.

E. Whole Loan Due: I will be in default and you will have the right to give me notice that the whole outstanding principal balance plus any unpaid interest I owe is d payable at once (subject to any law which gives me the right to cure my default) if (1) I fail to make a payment when due, or (2) I make any false written statement in a for this loan or for an extension or deferment of this loan, or (3) I break any of my other promises under this agreement, or (4) after I receive my loan proceeds, I fail to for the period covered by this loan, at the school listed in this Application and Promissory Note for at least one-half of the normal full time academic workload requi the school.

F. Collection Costs-Late Charges: I agree to pay you reasonable amounts permitted by law, including the fees of an outside attorney and court costs, which you i collecting any amount I owe under this Note which is not paid when due. (If this loan is referred for collection to an agency that is subject to the Fair Debt Collection Pr Act, I will pay those collection costs which do not exceed 25% of the unpaid principal and accrued interest.) If any payment has not reached you within 10 days after date, you may, if not prohibited by law, bill me for a late charge at the rate of $5 or 5% of the payment, whichever is less.

G. Prepayment: I may, at my option and without penalty, prepay all or part of the principal or accrued interest of my loan at any time. If I do so, I will be entitled to a rebate unearned interest that I have paid.

H. Additional Agreements: (1) The proceeds of this loan will be used only for educational expenses at the school listed on my Application and Promissory Note. (2) Any required to be given to me, including my Disclosure Statement, will be effective when mailed by first class mail to the latest address you have for me. No separate no required for any Cosigner. (3) Your failure to enforce or insist that I comply with any terms of this Note is not a waiver of your rights. No provision of this Note can be w or modified except in writing. (4) If TGSLC is required under its guarantee to repay my loan(s) because I have defaulted, TGSLC will become the owner of this Note a my creditor will have all the rights to enforce this Note against me. (5) I must repay this Note even though I may be under 18 years of age. (6) My lo be cancelled if I die or become totally or permanently disabled. (7) In this Note, the words I, me, and my mean each and all of those who signed it. If more than one p signs this note, each person will be liable up to the full amount of the loan. You, your and yours mean the lender or any other owner of this Note.

I. Deferment: You will let me pay interest only, if such interest is not paid by the United States Government, and let me defer making principal payments on this No provided below if my repayment period has begun. I am not in default, and I can provide you with written evidence that I qualify for the deferment (1) while I am enrolled a school participating in the GSLP for full time study as determined by the school, unless I am not a citizen or national of the United States and am studying at a scho located in the United States, or (b) in a graduate fellowship program approved by the Secretary of Education, or (c) in a rehabilitation training program for disa individuals and approved by the Secretary of Education, or (d) as a full time student at an institution of higher education or a vocational school which is operated agency of the United States government; (2) for periods not exceeding 3 years for each of the following while I am (a) on active duty in the Armed Forces of the United S or serving as an officer in the Commissioned Corps of the United States Public Health Service, or (b) serving as a Peace Corps volunteer, or (c) serving as a full volunteer under Title IV of the Domestic Volunteer Service Act of 1973 (e.g., VISTA), or (d) providing service as a full-time volunteer for an organization exempt from Fe Income Tax under Section 501(c)(3) of the Internal Revenue Code of 1954, which the Secretary of Education has determined is comparable to service in the Peace Cor ACTION programs; (3) for one or more periods not exceeding a total of 3 years while I am (a) temporarily totally disabled, as established by affidavit of a qualified physi or (b) unable to work because I am providing care required by a spouse who is temporarily totally disabled, as established by an affidavit of a qualified physician; (4) period not exceeding 2 years while I am serving an internship that the Secretary of Education has determined is needed to gain professional recognition required to b professional practice or service; (5) for a single period not exceeding one year while I am conscientiously seeking but unable to find full-time employment in the Ui States.

J. Repayment in Installments: I will repay the total amount due on this Note in installments, with interest at the rate indicated in Paragraph C, unless I enter into a situati described in Paragraph E, in which case the whole outstanding principal balance (plus any unpaid interest I owe) may be due and payable at once. Prior to the date this l becomes due as set forth in Paragraph B, you will send me a Repayment Schedule which shows the particular repayment terms that will become part of this Note. Cosigner who signs this Note will also be obligated to repay this Note. The Repayment Schedule may include all loans I have received from you under the Tz Guaranteed Student Loan Program. The Repayment Schedule will require me to make monthly payments for a period of not less than 5 nor more than 10 years after Note becomes due. The repayment period will not be longer than 15 years from the date of my loan's first disbursement, not counting periods for which I am grante authorized deferment, as outlined in Paragraph I ... for forbearance. My original in-school period is counted in this 15 year requirement. At my option, I may agree repayment period that is shorter than 5 years. However, I may at any time later have the repayment period extended so that the total repayment period is not less tha years. My total ... payment period for all my loans under the Guaranteed Student Loan Program shall not be less than $600 per year, includ payments by me ... nteed Student Loan Program (or the balance of all such loans plus accrued interest if less than $600) even though may result in a ...

K. Credit Bureau N... ... y report the default to credit bureau organizations. This may significantly and adversely affect my credit rat You must provide ... ... of this loan to any credit bureau organization upon my request. If not otherwise prohibited by law, you may discl information abou... ... bureau.

L. Borrower Rights ... ... written notice to you within 10 days after any changes in my name, address, or school enrollment status. Consolidation or ... ... for my Guaranteed Student Loan and other educational loan programs ... I wish to obtain further informatior such options, I will ... ... Student Loan Program does not have provisions which enable this loan to be cancelled or forgiven in whole o part for teaching ... very cer ... I am not required to provide security for this loan.

M. Repayment by Dep... ... rtme ... cumstances, if I serve in the military I may have my loan repaid by the Secretary of Defense, in accordance with Sect 902 of the Departm ... ... (10 U.S.C. 2141, note). I should address questions regarding this program to my local Service Recruiter. Th a recruiting program ... ... individuals or those not eligible for enlistment in the Armed Forces.

N. Transfer of Note: Th ... No ... other than the lender. Such transfer shall not affect the rights and responsibilities of the parties as set fo herein. This Note is not int ... ent, and a subsequent holder of this Note cannot be a holder in due course. The new holder will notify me of i such transfer in writing ...

## BORROWER CERTIFICATION

I declare under penalty of ... jury ... ... tes of America that the following is true and correct. I, the borrower, certify that the information containe Section I of this applicatio ... true, co ... ... of my knowledge and belief and is made in good faith. I hereby authorize the school to pay to the lender a refund must be due ... will be ma ... further authorize any school that I may attend to release to the lending institution, subsequent holder, U. Department of Education, o ... TG ... ... mation pertinent to this loan (e.g., employment, enrollment status, current address). I certify that the proceeds any loan made as a result of this applicati ... ... ational expenses for the loan period covered by this application at the school named in Section II. I underst that I must immediately repay any funds ... ... not reasonably be attributed to meeting my educational expenses related to attendance at that school for loan period stated in Item 2. I certify that the ... ... ns received under the Guaranteed Student Loan Program, Title IV, Part B (P.L. 89-329) as amended, will r exceed the allowable maximums. I further certify that ... not now owe a refund on a Pell Grant, Supplemental Grant, or State Student Incentive Grant and am not now default on a National Direct Student Loan, or a Guaranteed Student Loan, or a Federally Insured Student Loan or a PLUS loan. I further authorize my lending institution to iss a check covering the proceeds of my loan, in ... in ... or in part, made payable to me, or at the lender's option, jointly payable to me and the school, and sent to the school named Section II or at the lender's option, to me. I have read and understand the "Statement of Borrower's Rights and Responsibilities" supplied with this application.

I understand that I will receive a Disclosure Statement that identifies my loan amount (as determined by the lender), the fee amounts, due dates, grace period, and late charg I understand and agree that if the information on the Disclosure Statement conflicts with the information on the Application and Promissory Note, the information on t Disclosure Statement applies.

I CERTIFY UNDER PENALTY OF
PERJURY THAT THIS IS A TRUE
AND EXACT COPY OF THE
ORIGINAL PROMISSORY NOTE

_____   8-9-99
NAME                    DATE

**ORIGINAL**

... MAKES A FALSE MISREPRESENTATION ON THIS FO... ... PENALTIES WHICH MAY INCLU...
... UNITED STATES CRIMINAL CODE AND 20 U.S.C. 1097 ...

**SECTION I — TO BE COMPLETED BY STUDENT BORROWER** — Type or print clearly w... ... Read the instructions carefull...

| | | |
|---|---|---|
| 1. Social Security Number | 2. Last Name | First | Birth Date |
| | Wihl[...] | Pla[...] | |
| 4. State of Permanent Residence | Permanent Home Address | Street | | | | State | Zip |
| State Tex ... Since | | | | | | | |
| 6. Home Area Code/Phone Number | 7. Driver's License Number State | 8. U.S. Citizenship | | | |
| | NVA | (a) U.S. Cit... (b) Permane... (c) Neither o... Alien I.D. | ...defaulted on an... Yes |

10. Prior to the school year for which this loan is intended, have you ever been enrolled in any school beyond the high school level?  [X] Yes  [ ] No

11. Intended Enrollment (You must enroll at least half-time to be eligible):  [X] Full-time  [ ] At least half-time  [ ] Less than half-time

12a. Requested Loan ...  From: Yr. 86 Mo. 6  To:

13. Do you have any outstanding guaranteed student loans that are NOT those guaranteed by TEXAS GUARANTEE... (See Instructions.) If "Yes", ... DO NOT INCLUDE NDSL OR HEAL.) If "No", write "None".
Name of Lender: None   City and State of Lender   From:

14. Parent or Guardian (Circle one)
Name: Irene [...]  Address  City, State  Phone  Employer

Relative, Friend or Separated Parent (Circle one)
Name: Julie Winter  Address  City, State  Phone  Employer

Other Relative or Friend (Circle one)
Name: Barbara [...]  Address  City, State  Phone  Employer

| 15. While in school, you intend to live (check one) | 16. Major Course of Study | 17. Total Number of Borrower's Dependents | 18. |
|---|---|---|---|
| [ ] With parents  [ ] On campus  [X] Off campus | AT | Number 0  List Ages: | Day Yr. |

**SECTION II — TO BE COMPLETED BY SCHOOL**

| 22. Name of School | 23. Address |
|---|---|
| Paris Junior College | 2400 [...] |

| 24. City | State | Zip Code | 25. Area Code/Telephone Number | |
|---|---|---|---|---|
| Paris | Texas | 75460 | 214-785-[...] | |

26. School Code: 003601

27. Loan Period  From: Mo. 9 Day 2 Yr. 86  To: Mo. 12 Day 18 Yr. 86

28. Anticipated Graduation Date  Mo. 6

30. Dependency St... [ ] Dependen... [ ] Independe...

31. Estimated Cost of Education for Loan Period: $ 37[...]

32. Estimated Financial Aid for Loan Period: $ 495

32a. Expected Family ...

33a. Adjusted Gross Income: $ 10,071

34. My signature below certifies that I have read and agreed to the "S..."
Signature of Authorized Financial Aid Administrator: Jerry [...]   9/9/86

**SECTION III — TO BE COMPLETED BY LENDER**

37. Name of Lender

39. Address   City   State   Zip Code

40. Lender Code: 812[...]0[...]

41. ... $ 1250

| 42. Disbursement 1  Mo./Day/Yr. | 43. Disbursement 2  Mo./Day/Yr. | 44. Disbursement 3  Mo./Day/Yr. | 45. Disbursement ... Mo./Day/Yr |
|---|---|---|---|
| $ 1250  9-2-86 | $ / / | LOAN ORIGINATION | $ / / |

46. Signature of Authorized Lending Official: [...]

47. Print or Type Name and Title: [...] Student Loan Corp.
P.O. Box 15996
Austin, TX 78761

48. Date: 9-11-86

**PROMISSORY NOTE FOR A TEXAS GUARANTEED STUDENT LOAN**

A. I PROMISE TO PAY to you or your order when this Note becomes due as set forth in Paragraph B the sum of

Twelve Hundred and Fifty Dollars and no/100

Requested Loan Amount - Must be the same as Item 12a.

to the extent that it is advanced to me, plus interest as set forth in Paragraph C and any other charges which may become due as set forth in Paragraph F. All payments will be made to your address as indicated on my Disclosure Statement, or to any other address you notify me of.

I understand that by accepting the proceeds of this loan I am agreeing to repay the sum advanced to me including insurance premiums and origination fees under the terms and conditions of this promissory note and the Notice of Loan Guarantee and Disclosure Statement. I further understand and agree that if the sum in the Notice of Loan Guarantee and Disclosure Statement is less than the sum stated in this note that I am obligated to repay the sum stated in the Notice of Loan Guarantee and Disclosure Statement.

I UNDERSTAND THAT THIS IS A PROMISSORY NOTE. I WILL NOT SIGN IT BEFORE READ IT, INCLUDING THE WRITING ON ITS REVERSE SIDE, EVEN IF OTHERWI ADVISED. I WILL NOT SIGN THIS NOTE IF SECTION I OF MY APPLICATION CONTAI ANY BLANK ITEMS. I AM ENTITLED TO KEEP AN EXACT COPY OF THIS APPLICATI AND PROMISSORY NOTE. I AM ALSO ENTITLED TO KEEP AN EXACT COPY OF DISCLOSURE STATEMENT TO BE ISSUED TO ME BEFORE I ACCEPT MY LOAN CHEC BY SIGNING THIS NOTE, I ACKNOWLEDGE THAT SECTION I OF MY APPLICATION PROMISSORY NOTE CONTAINS NO BLANK ITEMS AND THAT I HAVE KEPT AN EXA COPY OF MY APPLICATION AND PROMISSORY NOTE COMPLETED THROUGH SECTI BY SIGNING THIS NOTE, I CERTIFY THAT I HAVE READ, UNDERSTAND, AND AGRE TO THE BORROWER CERTIFICATION ON ITS REVERSE SIDE.

Signature of Borrower: Patricia A. [...]   Date: 9-1-86

| BORROWER:  TERMS OF PROMISSORY NOTE CONTINUE ON REVERSE SIDE. | LENDER:  UPON COMPLETION MAIL TGSLC COPY ONLY TO: COPY A   LOAN GUARANTEE OPERATIONS, BOX 15996, AUSTIN, TEXAS 78761 | Form # 04-04-331-01 Pa |

B. Date Note Becomes Due: [illegible] ... explained on my Disclosure Statement ... participates in the Guaranteed Student Loan ...

C. Interest: I agree to pay an amount of interest the United States Government ... applicable interest rate on my other ... Guaranteed Student Loans, the app ... this Note becomes due, I will either ... payments will be made to your addr ...

D. Guarantee-Origination Fee: I will ... guarantee of this Note. For each ... after the month of the disburs ... My Disclosure Statement will iden ... not to exceed 5% of my loan ... amount as indicated on my Disclos ... that disbursement.

E. Whole Loan Due: I will be in defau ... payable at once (subject to any law ... for this loan or for an extended ... for the period covered by this loa ... the school.

F. Collection Costs-Late Charges: I agre ... collecting any amount I owe under this N ... Act, I will pay those collection costs which ... date, you may, if not prohibited by law, ...

G. Prepayment: I may, at my option and with ... unearned interest that I have paid ...

H. Additional Agreements: (1) The proceeds of this loan will be used only for educational expenses at the school listed on my Application and Promissory Note. (2) Any ... required to be given to me, including my disclosure Statement, will be effective when mailed by first class mail to the latest address you have for me. No separate no ... required for my Cosigner. (3) Any failure to enforce or insist that I comply with any terms of this Note is not a waiver of your rights. No provision of this Note can be w ... or modified except in writing. (4) If TGSLC is required under its guarantee to repay my loan(s) because I have defaulted, TGSLC will become the owner of this Note a ... my creditor will have all the rights of the original lender to enforce this Note against me. (5) I must repay this Note even though I may be under 18 years of age. (6) My loa ... be cancelled if I die or become totally or permanently disabled. (7) In this Note, the words I, me, and my mean each and all of those who signed it. If more than one pe ... signs this note, each person will be liable up to the full amount of the loan. You, your and yours mean the lender or any other owner of this Note.

I. Deferment: You will let me pay interest only, if such interest is not paid by the United States Government, and let me defer making principal payments on this No ... provided below if my repayment period has begun, I am not in default, and I can provide you with written evidence that I qualify for the deferment (1) while I am enrolled ... a school participating in the GSLP for full time study as determined by the school, unless I am not a citizen or national of the United States and am studying at a scho ... located in the United States, or (b) in a graduate fellowship program approved by the Secretary of Education, or (c) in a rehabilitation training program for disab ... individuals and approved by the Secretary of Education, or (d) as a full time student at an institution of higher education or a vocational school which is operated ... agency of the United States government. (2) for periods not exceeding 3 years for each of the following while I am (a) on active duty in the Armed Forces of the United S ... or serving as an officer in the Commissioned Corps of the United States Public Health Service, or (b) serving as a Peace Corps volunteer, or (c) serving as a full ... volunteer under Title I of the Domestic [illegible] Act of 1973 (e.g., VISTA), or (d) providing service as a full-time volunteer for an organization exempt from Fe ... Income Tax under Section 501(c)(3) of the [illegible] Revenue Code of 1954, which the Secretary of Education has determined is comparable to service in the Peace Cor ... ACTION programs; (3) for the period [illegible] exceeding a total of 3 years while I am (a) temporarily totally disabled, as established by affidavit of a qualified physi ... or (b) unable to work because I am providing [illegible] for a spouse who is temporarily totally disabled, as established by an affidavit of a qualified physician; (4) ... period not exceeding 2 years while I am [illegible] that the Secretary of Education has determined is needed to gain professional recognition required to b ... professional practice or service; (5) for a [illegible] exceeding one year while I am conscientiously seeking but unable to find full time employment in the Un ... States.

J. Repayment In Installments: [illegible] to repay this [illegible] this Note in installments, with interest at the rate indicated in Paragraph C, unless I enter into a situatio ... described in Paragraph B in which case [illegible] principal balance plus any unpaid interest I owe is due and payable at once. Prior to the date this N ... becomes due as set forth in Paragraph B [illegible] a Repayment Schedule which shows the particular repayment terms that will become part of this Note. ... Cosigner will sign this Note. I will also [illegible] this Note will require me to make monthly payments for a period of not less than 5 nor more than 10 years after ... Guaranteed Student Loan Program and [illegible] than 15 years from the date of my loan's first disbursement, not counting periods for which I am grante ... Note becomes due. The repayment period [illegible] deferment. My original in-school period is counted in this 15 year requirement. At my option, I may agree ... authorized deferment, as listed in Paragraph [illegible] at any time later have the repayment period extended so that the total repayment period is not less tha ... repayment period is not less than 5 years [illegible] for all my loans under the Guaranteed Student Loan Program shall not be less than $600 per year, inclu ... years. My total payments for all Federal [illegible] dent Loan Program (or the balance of all such loans plus accrued interest if less than $600) even though ... payments by my spouse or any other [illegible] may result in a repayment period ...

K. Credit Bureau Notification: I authorize you [illegible] report the default to credit bureau organizations. This may significantly and adversely affect my credit rat ... You must provide information to a credit repor ... to any credit bureau organization upon my request. If not otherwise prohibited by law, you may disc ... information about the status of this loan ...

L. Borrower Rights and Responsibilities: [illegible] written notice to you within 10 days after any changes in my name, address, or school enrollment status. ... Consolidation or refinancing options may [illegible] by my Guaranteed Student Loan and other educational loan programs—if I wish to obtain further informatio ... such options, I will contact TGSLC. (3) The [illegible] Student Loan Program does not have provisions which enable this loan to be cancelled or forgiven in whole o ... part for teaching or any [illegible] of employ ... I am not required to provide security for this loan.

M. Repayment by Department of Defense: Under [illegible] circumstances, if in the military I may have my loan repaid by the Secretary of Defense, in accordance with Sec ... 902 of the Department of Defense Authorization [illegible] 1981 (10 U.S.C. 2141, note). I should address questions regarding this program to my local Service Recruiter. The ... a recruiting program and may not apply to [illegible] service individuals or those not eligible for enlistment in the Armed Forces.

N. Transfer of Note: This Note may be transferred to a holder other than the lender. Such transfer shall not affect the rights and responsibilities of the parties as set f ... herein. This Note is not intended to be a negotiable instrument, and a subsequent holder of this Note cannot be a holder in due course. The new holder will notify me of ... such transfer in writing.

## BORROWER CERTIFICATION

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. I, the borrower, certify that the information containe ... Section I of this application is true, complete and correct to the best of my knowledge and belief and is made in good faith. I hereby authorize the school to pay to the lender ... refund which may be due me up to the amount of this loan. I further authorize any school that I may attend to release to the lending institution, subsequent holder, U ... Department of Education, or their agents, any requested information pertinent to this loan (e.g., employment, enrollment status, current address). I certify that the proceed ... any loan made as a result of this application will be used for educational expenses for the loan period covered by this application at the school named in Section II. I underst ... that I must immediately repay any funds that I receive which cannot reasonably be attributed to meeting my educational expenses related to attendance at that school for ... loan period stated in Item 21. I certify that the total amount of loans received under the Guaranteed Student Loan Program, Title IV, Part B (P.L. 89-329) as amended, will ... exceed the allowable maximums. I further certify that I do not now have a refund on a Pell Grant, Supplemental Grant, or State Student Incentive Grant and am not now ... default on a National Direct Student Loan, or a Guaranteed Student Loan, or a Federally Insured Student Loan or a PLUS loan. I further authorize my lending institution to is ... a check covering the proceeds of my loan, in full, or in part, made payable to me, or at the lender's option, jointly payable to me and the school, and sent to the school named ... Section II or at the lender's option, to me. I have read and understand the "Statement of Borrower's Rights and Responsibilities" supplied with this application.

I understand that I will receive a Disclosure Statement that identifies my loan amount (as determined by the lender), the fee amounts, due dates, grace period, and late charg ... I understand and agree that if the information on the Disclosure Statement conflicts with the information on the Application and Promissory Note, the information on ... Disclosure Statement applies.

I CERTIFY UNDER PENALTY OF
PERJURY THAT THIS IS A TRUE
AND EXACT COPY OF THE
ORIGINAL PROMISSORY NOTE

_S. McKhlee_                    8-9-99

NAME                            DATE

**EXHIBIT 4**

PROMISSORY NOTE - NATIONAL DIRECT STUDENT LOAN PROGRAM - UNION COLLEGE - LINCOLN, NEBRASKA 68506

I, __Patricia A. Winn__ promise to pay to Union College (hereinafter called the Lending Institution) located at Lincoln, Nebraska, the sum of the amounts that are advanced to me and endorsed in the Schedule of Advances set forth below. I promise to pay all attorney's fees and other reasonable collection costs and charges necessary for the collection of any amount not paid when due. However, if the Lending Institution uses a collection agency, which is subject to the Fair Debt Collection Practices Act, I will pay those collection costs which do not exceed 25% of the unpaid principal and interest.

I further understand and agree that:

### I.  GENERAL

(1) All sums advanced under this note are drawn from a fund created under Part E of Title IV of the Higher Education Act of 1965, hereinafter called the Act, and are subject to the Act and the Federal Regulations issued under the Act. The terms of this note must be interpreted in accordance with the Act and Federal Regulations, copies of which are to be kept by the Lending Institution. (2) I understand that if I am eligible for deferment or cancellation under Articles VI through IX, I am responsible for submitting the appropriate requests on time.

### II.  INTEREST

Interest shall accrue from the beginning of the repayment period and shall be at the ANNUAL PERCENTAGE RATE OF FIVE (5) PERCENT interest on the unpaid balance except that no interest shall accrue during any deferment period described in sub-paragraphs VI(1) (A), (B), (C), and (D).

### III.  REPAYMENT

(1) Except as provided in paragraphs III(5) through III(7) I promise to repay the principal and the interest which accrues on it over a period beginning 6 months after the date I cease to be at least a half-time student at an institution of higher education, or at a comparable institution outside the United States approved for this purpose by the United States Secretary of Education (hereinafter called the Secretary), and ending, unless paragraphs III(4) or VI(1) (deferment) applies, 10 years later. (2) I may, however, request that the repayment period start on an earlier date. (3) I promise to repay the principal and interest over the course of the repayment period in equal monthly, bimonthly or quarterly installments, as determined by the Lending Institution. However, if I request, repayments may be made in graduated installments determined in accordance with schedules approved by the Secretary. In either case, a schedule of repayment shall be attached to and made part of this note. (4) Notwithstanding paragraph III(1), if I qualify as a low-income individual during the repayment period, the Lending Institution may, at my request, extend the repayment period for up to an additional 10 years or adjust any repayment schedule to reflect my income, or both. (5) (A) I shall repay the principal and interest on this loan at the rate of $30 per month (which includes both principal and interest) even though the monthly rate that would be established under paragraph III(1) is less than that amount, if the total monthly repayment rate of principal and interest on all my National Direct and National Defense Loans, including this loan, is less than $30 per month. (5) (B) If I have received National Defense or National Direct Loans established under subparagraph III(5) (A) is the rate repayment rate on those loans is less than $30, the $30 monthly rate established under subparagraph III(5) (A) and I have received I pay on all my outstanding National Defense and National Direct Loans and is not in addition to the amount I pay on those other loans. (5) (C) If my monthly repayment rate is established under subparagraph III(5) (A) and I have received National Defense or National Direct Loans from other lending institutions, the amount of my monthly repayment rate attributable to this loan is the amount which represents the difference between $30 and the monthly rates I must pay on my other National Defense and National Direct Loans. (6) A schedule of repayment will be attached to and made part of this note. (7) The Lending Institution may permit me to pay less than the rate of $30 per month for a period of not more than one year where necessary to avoid hardship to me unless that action would extend the repayment period in paragraph III(1).

### IV.  PREPAYMENT

(1) I may at my option and without penalty prepay all or any part of the principal, plus the accrued interest thereon, at any time. (2) Amounts I repay in the academic year in which the loan was made will be used to reduce the amount of the loan and will not be considered a prepayment. (3) If I repay more than the amount due for any installment, the excess will be used to prepay principal unless I designate it as an advance payment of the next regular installment.

### V.  DEFAULT

(1) If I fail to make a scheduled repayment of any installment or I fail to file cancellation or deferment forms with the Lending Institution on time, the entire unpaid indebtedness including interest due and accrued thereon, plus any applicable penalty charges, will, at the option of the Lending Institution, become immediately due and payable. (2) I understand that if I default on my loan repayments the Lending Institution may disclose that I have defaulted, along with other relevant information, to credit bureau organizations. (3) Further, I understand that if I default on my loan repayments and the loan is sent to the Secretary for collection, the Secretary may disclose that I have defaulted, along with other relevant information, to credit bureau organizations.

### VI.  DEFERMENT

(1) Interest will not accrue, and installments need not be paid--(A) While I am enrolled and in attendance as at least a half-time student at an institution of higher education or at a comparable institution outside the United States approved for this purpose by the Secretary, (B) For a period not in excess of 3 years during which I am--(i) on full-time active duty as a member of the Armed Forces of the United States (Army, Navy, Air Force, Marine Corps, or Coast Guard), or an officer on full-time active duty in the Commissioned Corps of the U. S. Public Health Service, (ii) in service as a Volunteer under the Peace Corps Act, (iii) a volunteer under the Domestic Volunteer Service Act of 1973, (iv) a full-time volunteer in a tax-exempt organization performing service comparable to the service performed in the Peace Corps or under the Domestic Volunteer Service Act of 1973 (ACTION agency programs), or (v) temporarily totally disabled as established by an affidavit of a qualified physician, or unable to secure employment because I am providing care required by my spouse who is so disabled, (C) For a period not in excess of two years during which time I am serving in an internship which is required in order that I may receive professional recognition required to begin my professional practice or service, and (D) During any grace period. A grace period is a six month period following (i) the date I cease to be at least a half-time student at an institution of higher education, or (ii) the date the deferments described in subparagraph VI(1)(A) (B), or (C) expire. (2) The Lending Institution may, upon my application, defer or reduce any scheduled repayments if, in its opinion, extraordinary circumstances such as prolonged illness or unemployment, prevent me from making such repayments. However, interest will continue to accrue.

## VII.   CANCELLATION FOR TEACHING

(1) I am entitled to have up to 100 percent of the amount of this loan plus the interest thereon cancelled if I und take service--(A) as a full-time teacher in a public or other non-profit elementary or secondary school which is in school district of a local educational agency which is eligible for funds under Title I of the Elementary and Seconda Education Act of 1965 and which has been designated by the Secretary in accordance with the provisions of Section 465(a)( of the Higher Education Act as a school with a high enrollment of students from low-income families, or (B) as a full-ti teacher of handicapped children (including mentally retarded, hard of hearing, deaf, speech impaired, visually handicappe seriously emotionally disturbed, orthopedically impaired, children with specific learning disabilities, or other healt impaired children who by reason thereof require special education and related services) in a public or other non-prof elementary or secondary school system.  (2) This loan will be cancelled at the following rates:  (A) 15 percent of the tot principal amount of the loan plus interest on the unpaid balance will be cancelled for the first and second complete aca demic years of that teaching service; (B) 20 percent of the total principal amount plus interest on the unpaid balance f the third and fourth complete academic years of that teaching service; and (C) 30 percent of the total principal amoun plus interest on the unpaid balance for the fifth complete academic year of that teaching service.

## VIII.   HEAD START CANCELLATION

(1) I am entitled to have up to 100 percent of the amount of this loan plus the interest thereon cancelled if I under take service as a full-time staff member in a Head Start program if--(A) that Head Start program is operated for a perio which is comparable to a full school year in the locality, and (B) my salary is not more than the salary of a comparabl employee of the local educational agency.  (2) This loan will be cancelled at the rate of 15 percent of the total principa amount plus the interest on the unpaid balance for each complete school year or the equivalent of service in a Head Star program.  (3) Head Start is a preschool program carried out under section 222(a)(1) of the Economic Opportunity Act o 1964.

## IX.   MILITARY CANCELLATION

(1) I am entitled to have up to 50 percent of the principal amount of this loan plus the interest thereon cancelled if I serve as a member of the Armed Forces of the United States in an area of hostilities that qualifies for special pay under section 310 of title 37 of the United States Code.  (2) This loan will be cancelled at the rate of 12 1/2 percent of the total principal amount plus interest on the unpaid balance for each complete year of such service.

## X.   DEATH AND DISABILITY CANCELLATION

If I should die or become permanently and totally disabled, the entire amount of this loan plus the interest thereon shall be cancelled.

## XI.   CHANGE IN NAME, ADDRESS, AND SOCIAL SECURITY NUMBER

I AM RESPONSIBLE FOR INFORMING THE LENDING INSTITUTION OF ANY CHANGE OR CHANGES IN MY NAME, ADDRESS, OR SOCIAL SECURITY NUMBER.

## XII.   PENALTY CHARGE

(1) If I fail to make timely payment of all or any part of a scheduled installment, or if I am eligible for deferment or cancellation under Articles VI through IX, but fail to submit the appropriate request on time, I promise to pay the charge assessed against me by the Lending Institution.  (2) No charge may exceed--(A) Where the loan is repayable in monthly installment, $1 for the first month or part of a month by which the installment or evidence is late, and $2 for each month or part of a month thereafter, or (B) where the loan is repayable in bimonthly or quarterly installments, $3 and $6, respectively, for each installment interval or part thereof by which the installment or evidence is late.  (3) If the Lending Institution elects to add the assessed charge to the outstanding principal of the loan, it must so inform me before the due date of the next installment.

## XIII.   ASSIGNMENT

This note may be assigned by the Lending Institution only--(1) to another institution upon my transfer to that institution if that institution is participating in this program (or, if not so participating, is eligible to do so and is approved by the Secretary for that purpose), or (2) to the United States or to an institution approved by the Secretary.  The provi- sions of this note that relate to the Lending Institution shall, where appropriate, relate to an assignee.

## XIV.   PRIOR LOANS

I hereby certify that I have listed below all of the National Direct Student Loans (or National Defense Student Loans) I have obtained at other institutions.  (If no prior loans have been received, state "none.")

SCHEDULE OF NATIONAL DIRECT STUDENT LOANS AND NATIONAL DEFENSE STUDENT LOANS AT OTHER INSTITUTIONS:

| | Amount | Date | Institution | | Amount | Date | Institution |
|---|---|---|---|---|---|---|---|
| 1. | | | | 2. | | | |

## VI.   SCHEDULE OF ADVANCES

| | Amount | Date | Signature of Maker | | Amount | Date | Signature of Maker |
|---|---|---|---|---|---|---|---|
| 1. | $500 | 2/6/84 | _Patricia Winn_ | | | | |
| 2. | 300 | 3/30/84 | _Patricia Winn_ | | | | |
| 3. | | | | | | | |
| 4. | | | | | | | |

Signature  _Patricia Winn_

Date _____ 19____

Permanent address _____

      Street or Box Number      City      State      Zip

DEBT-ID N1997090049550
SSN _____   PREV-SSN
NAME  WINN,PATRICIA,ANN
LOAN TYPE:  I    RATE: 05.00%

I CERTIFY UNDER PENALTY OF
PERJURY THAT THIS IS A TRUE
AND EXACT COPY OF THE
ORIGINAL PROMISSORY NOTE

S. McKitchie          8-9-99

NAME                    DATE